# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 25-7065**

**September Term, 2025**

**1:23-cv-03488-RDM**

**Filed On:** May 12, 2026

Amos N. Jones,

     Appellant

     v.

Ogletree, Deakins, Nash, Smoak & Stewart
P.C.,

     Appellee

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Walker, Childs, and Garcia, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, and the request for sanctions, which is contained in appellant's reply brief, it is

**ORDERED** that the request for sanctions be denied. Appellant has not shown that he is entitled to the relief requested. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's March 30, 2025 order be affirmed. Appellant fails to demonstrate that the district court erred in dismissing his claims under 42 U.S.C. § 1985 for failure to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007))). To state a claim, "section 1985 plaintiffs" like appellant "must allege the elements of civil conspiracy," including "an agreement to take part in an unlawful action or a lawful action in an unlawful manner." Barr v. Clinton, 370 F.3d 1196, 1200 (D.C. Cir. 2004) (quotation omitted). Appellant has not shown any error in the district court's conclusions that appellant failed to allege facts demonstrating an agreement between

appellee's attorneys sufficient to state a civil conspiracy claim, and that appellant's conclusory allegations that the attorneys participated in a conspiracy failed to state such a claim. See Iqbal, 556 U.S. at 678. In addition, the district court properly concluded that appellant failed to plausibly allege facts demonstrating that the attorneys acted with discriminatory animus, as required to state a claim under § 1985(3). See Atherton v. D.C. Off. of Mayor, 567 F.3d 672, 688 (D.C. Cir. 2009). By failing to move to amend his complaint in district court, appellant has forfeited the right to challenge the district court's decision dismissing his § 1985 claims with prejudice, City of Harper Woods Emps.' Ret. Sys. v. Olver, 589 F.3d 1292, 1304 (D.C. Cir. 2009), and has also failed to demonstrate on appeal that the district court erred in doing so, see Rollins v. Wackenhut Servs., Inc., 703 F.3d 122, 131 (D.C. Cir. 2012).

Having properly dismissed appellant's federal claims, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over appellant's state law claims. See 28 U.S.C. § 1367(c)(3); Shekoyan v. Sibley Int'l, 409 F.3d 414, 424 (D.C. Cir. 2005).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**